T.C. Memo. 2010-121


UNITED STATES TAX COURT


VIRGINIA BOBO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2809-09.                    Filed June 2, 2010.


Virginia Bobo, pro se.

<u>Marshall R. Jones</u> and <u>John W. Sheffield, III</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $4,408 deficiency in petitioner's 2007 Federal income tax.  The issues for decision are:  (1) Whether petitioner is entitled to a dependency exemption deduction for her niece; and (2) whether petitioner is entitled to an earned income credit with respect to her niece and

her sister.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

When she filed her petition, petitioner resided in Alabama.

Throughout 2007 petitioner lived in her house with her 20-year-old niece and her 54-year-old sister.  Petitioner's niece was a full-time student until she graduated from high school on May 19, 2007.  The niece worked part-time jobs, earning $6,000 to $7,000 in 2007.  Petitioner's sister was permanently and totally disabled from various ailments, including congestive heart failure.  During 2007 the sister received Supplemental Security Income disability payments of $623 per month.

During 2007 petitioner earned wages of $18,454, which she used to support herself, her niece, and her sister.  Petitioner provided her niece food and shelter and, in addition, paid for her school supplies, clothing, and medical bills, which totaled about $800 in 2007.  Petitioner's grown son gave petitioner money weekly or semiweekly, generally $50 to $150, to help support her niece and her sister.

On her 2007 Federal income tax return, petitioner claimed dependency exemption deductions for her niece and her sister.  She also claimed an earned income credit on the basis of having

two qualifying children; namely, her niece and her sister.  By notice of deficiency respondent disallowed the dependency exemption deduction as to petitioner's niece.[1]  As explanation for disallowing this deduction, the notice of deficiency states that the niece had "gross income equal to or greater than the exemption amount" and "was not a member of your household for the entire tax year".  In the notice of deficiency respondent also disallowed the earned income credit on the ground that petitioner had no qualifying child.

## OPINION

The taxpayer generally bears the burden of proving that the Commissioner's determinations are in error.  Rule 142(a)(1).  If the taxpayer introduces credible evidence with respect to relevant factual issues and meets other requirements, the burden as to those factual issues may shift to the Commissioner.  Sec. 7491(a).  In addition, the Commissioner bears the burden of proof as to any "new matter, increases in deficiency, and affirmative defenses, pleaded in the answer".  Rule 142(a)(1).  If the Commissioner, attempting to sustain a deficiency, advances a new theory that either alters the original deficiency or requires

---

[1]The notice of deficiency did not disallow the dependency exemption deduction that petitioner claimed for her sister. Although in this proceeding respondent seems to suggest that this dependency exemption deduction should be disallowed, he has not asserted any increased deficiency with respect to this matter. Consequently, we need not consider this issue further.

presentation of different evidence, the Commissioner bears the burden of proof as to this new matter.  <u>Shea v. Commissioner</u>, 112 T.C. 183, 191 (1999); <u>Wayne Bolt & Nut Co. v. Commissioner</u>, 93 T.C. 500, 507 (1989).

I.   <u>Dependency Exemption Deduction</u>

A taxpayer may claim a dependency exemption deduction with respect to an individual who is either a "qualifying child" or a "qualifying relative".  Secs. 151(c), 152(a).  To be a taxpayer's "qualifying child", an individual must:  (A) Bear a qualifying relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; and (D) have not provided over one-half of his or her own support for the year.[2] Sec. 152(c)(1).

There is no dispute that petitioner's niece satisfies the relationship requirement to be a "qualifying child".  See sec. 152(c)(2)(B).  In addition, because petitioner's niece was not yet 24 at the close of 2007 and was a full-time high school student during each of 5 months during 2007, she meets the age

---

[2]To be a taxpayer's "qualifying relative", the individual must:  (A) Bear a qualifying relationship (defined more broadly than for a qualifying child) to the taxpayer; (B) have gross income for the year less than the exemption amount; (C) have had more than one-half of his or her support for the year provided by the taxpayer; and (D) not be a qualifying child of the taxpayer or any other taxpayer for the year.  Sec. 152(d)(1).  For 2007 the exemption amount was $3,400.  See Rev. Proc. 2006-53, sec. 3.18(1), 2006-2 C.B. 996, 1001.

requirements.  See sec. 152(c)(3)(A)(ii), (f)(2)(A).  In disallowing petitioner's dependency exemption deduction for her niece, respondent determined in the notice of deficiency that petitioner and her niece did not have the same principal place of abode for more than one-half of 2007.[3]  On the basis of the undisputed evidence, however, we have found that petitioner and her niece lived together in petitioner's home throughout 2007.

Respondent seems to suggest that we should sustain his determination because petitioner's niece provided over one-half of her own support for 2007.  Respondent failed to raise this theory in the notice of deficiency.  Because the factual basis required to establish whether petitioner's niece meets this support test is different from the factual basis required to establish whether the abode test is met, we treat it as a new matter.  See Shea v. Commissioner, supra at 192. Accordingly, the burden of proof is on respondent to show that petitioner's niece provided more than one-half of her own support for 2007.

The term "support" includes items such as food, shelter, clothing, medical and dental care, education, and the like.  Sec.

---

[3]The notice of deficiency also appears to conclude that petitioner's niece was not a "qualifying relative" on the ground that her gross income exceeded the exemption amount.  Because we conclude that the niece was petitioner's qualifying child, it is immaterial whether she also met the requirements for a qualifying relative.  Indeed, an individual who is the taxpayer's qualifying child cannot also be the taxpayer's qualifying relative.  Sec. 152(d)(1)(D).

1.152-1(a)(2)(i), Income Tax Regs.  In order to determine whether an individual provided more than one-half of his or her own support, it is necessary to compare the amount of support the individual provided for himself or herself to the amount of support the individual received from all sources.  Cf. id. (employing a similar test to determine whether an individual received more than one-half of his or her support from a taxpayer).

Petitioner testified that during 2007 her niece earned "six or seven thousand" dollars.  Respondent has presented no evidence to show that during 2007 petitioner's niece provided herself any greater amount of support than this or that this amount represents more than one-half of the total support that she received from all sources, including petitioner and petitioner's son.  Accordingly, we hold that respondent has failed to meet his burden of proof as to this issue and that petitioner is entitled to a dependency exemption deduction with respect to her niece, as her qualifying child, for 2007.

## II.  Earned Income Credit

An eligible individual may claim an earned income credit against income tax liability.  Sec. 32(a).  The term "eligible individual" includes "any individual who has a qualifying child for the taxable year".  Sec. 32(c)(1)(A)(i).  A taxpayer's eligibility for, and the amount of, the earned income credit is

affected by the number of the taxpayer's qualifying children. See sec. 32(a), (b), and (c). For this purpose, the definition of "qualifying child" is the same as under section 152(c), as pertains to the dependency exemption, except that the determination is made without regard to whether the individual provided over one-half of his or her own support. See sec. 32(c)(3).

We have held that petitioner's niece was her qualifying child for 2007. In addition, we conclude that petitioner's sister was also petitioner's "qualifying child" under section 32(c)(3). A sister satisfies the relationship requirement. See sec. 152(c)(2)(B). Moreover, petitioner and her sister had the same principal place of abode throughout 2007. That leaves just the age requirement.

The age requirement for a qualifying child is treated as met with respect to an individual who is permanently and totally disabled. Sec. 152(c)(3)(B). An individual is permanently and totally disabled if at any time during the calendar year he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. Secs. 152(c)(3)(B), 22(e)(3). On the basis of the undisputed evidence

in the record, we have found that petitioner's sister was totally and permanently disabled throughout 2007.

We conclude and hold that petitioner is entitled to an earned income tax credit on the basis of having two qualifying children.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.